**In the Matter of the Application of Myles GREENBERG and Frances M. Mulligan, Petitioners–Appellees,**

v.

**Anthony F. VETERAN, Supervisor and Susan Tolchin, Town Clerk, Respondents–Appellants.**

No. 173, Docket 89–7476.

United States Court of Appeals, Second Circuit.

Argued Sept. 29, 1989.

Decided Nov. 7, 1989.

Jonathan Lovett (Lovett & Gould, White Plains, N.Y. of counsel), for petitioners-appellees.

Paul Agresta, Town Atty., Town of Greenburgh, Elmsford, N.Y., for respondents-appellants.

Before OAKES, Chief Judge, and LUMBARD and PIERCE, Circuit Judges.

LUMBARD, Circuit Judge:

May a town official who is sued in state court for acting, as he believes, to prevent the violation of rights guaranteed by the federal constitution remove such a suit to

federal court under the "refusal clause" of the civil rights removal statute?

We think he may. Anthony F. Veteran and Susan Tolchin, the Town Supervisor and Town Clerk,[1] respectively, of Greenburgh, New York, appeal from an order, issued *sua sponte* by the District Court for the Southern District, remanding the case to the New York Supreme Court, Westchester County. Appellees Myles Greenberg and Frances M. Mulligan brought a special proceeding in the New York Supreme Court in December 1988, pursuant to Article 78 of the New York Civil Practice Law and Rules, seeking judicial review of Veteran's denial of their petition to secede from Greenburgh and to incorporate a new village. Veteran then removed the action to the district court on January 30, 1989 under the "refusal clause" of 28 U.S.C. § 1443(2). Though Greenberg and Mulligan did not contest removal, the district court on its own motion on April 17, 1989 remanded the case to the New York Supreme Court for lack of jurisdiction. 710 F.Supp. 962.

According to Judge Goettel, the removal petition did not, and Veteran in good faith could not, allege a conflict between state and federal law. He held that such a conflict is a prerequisite to removal under the "refusal clause." He found no conflict because the removal petition defended Veteran's refusal to incorporate the village on both state and federal constitutional grounds. We believe that the removal petition, in alleging facts which raise a substantial question under federal equal protection law as a reason for refusing to incorporate the proposed village under the New York Village Law, alleged the requisite conflict between state and federal law, notwithstanding that the allegations also implicate state equal protection law as further justification for denying incorporation. Accordingly, we reverse.

In January 1988, the Town of Greenburgh joined Westchester County and a not-for-profit organization called "West HELP" in proposing the construction of a shelter for 108 homeless families on property in Greenburgh owned by Westchester County. It is undisputed that most of the 108 homeless families are black.

In February 1988, manifesting what the district court termed "the NIMBY syndrome" (Not In My Back Yard), residents of Greenburgh opposed to the construction of the proposed shelter formed the Coalition of United Peoples, Inc., or COUP, to stop the project. Pursuant to New York Village Law ("Village Law") §§ 2–200 to 2–258 (McKinney 1973 & Supp.1989), COUP prepared a petition to incorporate part of Greenburgh as the Village of Mayfair Knollwood; the proposed Village would include the site of the proposed shelter. The district court opinion notes that since Westchester County owns the land on which the shelter would be built, incorporation could not stop the project directly but would enable COUP to tie up the project with red tape and zoning requirements.

On September 14, 1988, pursuant to Village Law § 2–202, COUP presented the incorporation petition to Veteran, who, as required by Village Law § 2–204, convened a public hearing on November 1 at which oral testimony concerning the project was received. Veteran adjourned the hearing until November 21 to receive and consider written comments on the incorporation petition.

On December 1, Veteran denied the incorporation petition on six grounds: four aspects of the petition process were defective under the Village Law; the boundaries of the proposed village, where ascertainable, evinced an intent to exclude black residents and thus violated the state and federal constitutions; and obstruction of the shelter project would violate the state and federal constitutions.

On December 13, Greenberg and Mulligan, two COUP members, filed this Article 78 proceeding in the New York Supreme Court seeking judicial review of Veteran's denial of their incorporation petition. The

---

**1.** The Town Clerk is only a nominal party. Appellants will be referred to hereinafter as "Veteran."

Article 78 petition alleged five grounds for reversal: Veteran committed three improprieties under the Village Law in conducting the hearing and receiving evidence; Veteran's inquiry into the intent of the incorporation petitioners exceeded his statutory authority, or, alternatively, his finding of discriminatory intent was not supported by sufficient evidence; and Veteran's denial violated the First Amendment rights of the incorporation petitioners.

On January 25, 1989,[2] Veteran petitioned the district court to remove the Article 78 proceeding to federal court, citing 28 U.S.C. §§ 1443(2) and 1441(b). Section 1443 permits removal to federal court by a defendant[3] in any civil action or criminal prosecution

> [f]or any act under color of authority derived from any law providing for equal rights, or *for refusing to do any act on the ground that it would be inconsistent with such law.*

§ 1443(2) (emphasis added). The emphasized portion is known as the "refusal clause." Section § 1441(b) permits general federal question removal. In his petition, Veteran asserted primarily that he is entitled to remove under the "refusal clause" because the Article 78 proceeding, a civil action, was brought against him for his refusing to grant the incorporation petition on the ground that it would be inconsistent with the equal protection provisions of the state and federal constitutions. The instant case was assigned to Judge Goettel, before whom *Jones v. Deutsch,* 88 Civ.

7738, a related case, was already pending. In *Jones,* the NAACP, the National Coalition for the Homeless, certain homeless people of Westchester and certain citizens of Greenburgh brought suit on November 1, 1988 in the Southern District against COUP, Veteran and others, alleging a civil rights conspiracy under 42 U.S.C. § 1985(3) and seeking a declaratory judgment directing Veteran to deny the incorporation petition. The district court adjourned the defendants' motion to dismiss the Jones case pending disposition of this removal petition.[4]

On April 17, the district court remanded the case to state court. Judge Goettel's opinion stated preliminarily that although none of the parties questioned the removability of this Article 78 proceeding, the necessity of protecting the federal court's jurisdiction required him to raise the question *sua sponte.* After analyzing two recent cases on the "refusal clause" from this circuit, *White v. Wellington,* 627 F.2d 582 (2d Cir.1980), and *Bridgeport Education Association v. Zinner,* 415 F.Supp. 715 (D.Conn.1976), he denied "refusal clause" removal. He stated that the removal petition did not, and Veteran in good faith could not, allege the requisite conflict between state and federal law. According to the district court, no conflict was alleged because Veteran's removal petition defended his refusal to incorporate the village on both state and federal constitutional grounds. The state court has stayed proceedings pending this appeal.

**2.** The removal petition was timely filed under 28 U.S.C. § 1446(b), which requires that the removal petition "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Because Veteran, in a position analogous to that of the "defendant" mentioned in the statute, was served with the Article 78 petition on December 29, 1988, Veteran's filing of the removal petition on January 25, 1989 was within the thirty-day deadline. Although the district court opinion states that Veteran filed the removal petition on January 30, 1989, the record on appeal shows that the original removal petition was filed on January 25 and that a supplementary copy, along with notice of removal, notice to adverse

parties, and other papers, was filed on January 30.

**3.** The protection afforded by the statute is not so broad as its words imply: "[T]he legislative history limits those able to remove thereunder to state officers, and those acting with or for them including local and municipal officials." *White v. Wellington,* 627 F.2d 582, 585 (2d Cir. 1980), citing *Bridgeport Education Association v. Zinner,* 415 F.Supp. 715 (D.Conn.1976) (footnote omitted).

**4.** After denying the removal petition and remanding the instant case to state court, the district court dismissed the complaint in *Jones. See Jones v. Deutsch,* 715 F.Supp. 1237 (S.D.N.Y. 1989).

We are not persuaded that *White* supports the district court's remand; quite the contrary. In *White*, New Haven police officers sued Connecticut state officials for denying them promotion in violation of state law. The officials were in the process of revising the civil service examination in response to a finding by the United States Equal Employment Opportunity Commission that New Haven city promotional practices were racially discriminatory.

The officials petitioned the district court to remove the suit under the "refusal clause." In their petition, the officials denied that they had violated state law and asserted, alternatively, that, if they had violated state law, they were required to do so by Title VII of the Civil Rights Act of 1964. Plaintiff police officers opposed removal on the ground that inconsistent allegations in the removal petition—the general denial and the affirmative defense—indicated that the defendants did not have the requisite good-faith belief in a colorable conflict between state and federal law.

We held removal proper under the "refusal clause." Judge Brieant, sitting by designation and writing for the court, adopted the reasoning of then-District Judge Newman in *Bridgeport Education, supra,* that the refusal clause "may be invoked when the removing defendants make a colorable claim that they are being sued for not acting 'pursuant to a state law, which, though facially neutral, would produce or perpetuate a racially discriminatory practice as applied.'" *White,* 627 F.2d at 586 (quoting *Bridgeport Education,* 415 F.Supp. at 722). Judge Brieant reasoned that since inconsistent allegations are permissible in federal pleadings, and since federal pleading rules apply to removal petitions as well as to pleadings, inconsistent allegations in a removal petition do not bar "refusal clause" removal. That the removal petition contained both a general denial, based on state law, and an affirmative defense, based on federal law, did not prevent the court from finding the requisite state/federal conflict. Judge Kaufman, concurring in *White,* commented that to require defendants seeking removal under the "refusal clause" to admit that they have violated state law "would exact too high a price for exercising the right of removal." 627 F.2d at 589.

■ The district court should not have remanded this case to the New York Supreme Court. The facts alleged by Veteran present a classic case for removal under the "refusal clause." The district court's interpretation of *White* misconceives and potentially nullifies the "refusal clause."

Veteran has made a colorable claim that he is being sued for refusing to allow incorporation to proceed under the Village Law, which, though facially neutral, would produce racial discrimination if applied as Greenberg and Mulligan wish. *See White,* 627 F.2d at 586. Had Veteran advanced no state defenses, constitutional or otherwise, he would undisputedly have alleged the requisite state/federal conflict between the Village Law, which Greenberg and Mulligan claim authorizes their incorporation petition to proceed, and the equal protection clause of the U.S. Constitution. Moreover, had Veteran alleged, in addition to his federal constitutional defense, only a general denial that he violated the Village Law, then this case would be indistinguishable from *White.*

We see no reason why Veteran's defense of his actions on state constitutional grounds presents a situation which is materially different from that in *White.* It would "exact too high a price" to deny removal to petitioners such as Veteran because they assert a state constitutional defense. *White* instructs that the existence of an alternative state law defense should not prevent removal under the "refusal clause," whether the alternative state law defense is a general denial, as in *White,* or an affirmative defense, constitutional or statutory, as in the case at bar. *See also Cavanagh v. Brock,* 577 F.Supp. 176 (E.D. N.C. 1983) (three-judge panel).

■ The purpose of the "refusal clause" is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval. Congress evidently believed it

necessary to provide a federal forum for cases which from the nature of the issues involved stir local passions, because the tenure and independence of federal judges are constitutionally guaranteed, and therefore federal courts are more removed from and generally less susceptible to parochial pressures.

We do not share the district court's concern that the removal of such an Article 78 proceeding would federalize such proceedings. Removal under the "refusal clause" is a rarity. *White,* 627 F.2d at 590 (Kaufman, J., concurring). Each case is subject to the same scrutiny we are making here.

The district court also stated that, although removal would be proper under 28 U.S.C. § 1441(b) which provides for general federal question removal, the abstention doctrines set forth in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and *Railroad Comm'n of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), required remand to state court in any event. The district court further noted, however, that had it upheld removal under the "refusal clause," it may have declined to abstain. Although on this appeal the parties do not address abstention, in view of the district court's comments, abstention in this case would be inconsistent with the purpose of the statute.

Reversed and remanded for further proceedings consistent with this opinion.