**Martin WOLPOFF, et al., Plaintiffs,**

**v.**

**Mario M. CUOMO, et al., Defendants.**

**No. 92 Civ. 3558 (KC).**

United States District Court,
S.D. New York.

May 29, 1992.

Stanley K. Schlein, Whitman & Ransom, New York City, for plaintiffs.

Charles J. Cooper, Shaw Pittman Potts Trowbridge, Washington, D.C., Joel Graber, Asst. Atty. Gen., Greg Mashberg,

Proskauer Rose Goetz & Mendelsohn, Daniel Chill, Graubard Mollen, New York City, for defendants.

## MEMORANDUM ORDER

CONBOY, District Judge:

Four Bronx county voters brought this action against, *inter alia*, New York Governor Mario Cuomo, New York Lieutenant–Governor Stan Lundine, the Speaker of the New York State Assembly, Saul Weprin, and the temporary President and Majority leader of the New York State Senate, Ralph Marino (the "legislative defendants"), in New York State Supreme Court, Bronx County on May 8, 1992. Plaintiffs asserted that the legislative defendants violated the New York State Constitution when the legislative defendants passed a New York State Senate districting plan (the "government districting plan") that created Senate districts that cross county lines. Plaintiffs have devised their own Senate redistricting plan which plaintiffs maintain is consistent with both the New York State Constitution and federal law.

Claiming that the Fourteenth Amendment of the United States Constitution and the Federal Voting Rights Act, 42 U.S.C. 1973 *et seq.*, mandated his vote for the government districting plan, Marino removed this action on May 14, 1992 to this Court pursuant to the "refusal clause" of 28 U.S.C. § 1443(2). Plaintiffs and Marino's legislative codefendants strenuously object to being haled into federal court, and now move that this Court remand this case to the New York State Supreme Court, Bronx County. For the reasons that follow, the motion to remand is granted.

## I. The Eleventh Amendment Bars Federal Court Jurisdiction Over This Claim

A threshold matter that we must determine is whether we have subject matter jurisdiction over this case.

It is well settled that the eleventh amendment to the United States Constitution prohibits federal courts from entertaining suits that seek to enforce state law

against state officers. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). However, it is also well settled that Congress may abrogate this eleventh amendment bar if Congress passes legislation pursuant to § 5 of the fourteenth amendment, *see Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 2145, 87 L.Ed.2d 171 (1985), and Congress "mak[es] its intention [to abrogate the eleventh amendment] unmistakably clear in the language of the statute." *Id.* at 242, 105 S.Ct. at 3147. "A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." *Id.* at 246, 105 S.Ct. at 3149.

■■■ In the case before us, plaintiffs are suing state officials for assertedly violating state law, *i.e.,* the New York State Constitution. Thus, unless Marino can show that the language of the refusal clause in 28 U.S.C. § 1443(2) makes unmistakably clear that Congress intended to abrogate the states' eleventh amendment immunity,[1] the eleventh amendment will bar this action from proceeding in federal court.[2]

The refusal clause of § 1443(2) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

. . . .

(2) ... for refusing to do any act on the ground that it would be inconsistent with [any law providing for equal rights].

28 U.S.C.A. § 1443 (1973). The statutory language of the refusal clause, as is apparent, makes no explicit reference to the eleventh amendment or to the liability of states

or state officials, and thus cannot be read as abrogating the states' eleventh amendment immunity. Moreover, as noted above, the fact that the statute generally authorizes a suit in federal court is insufficient evidence of intent to establish that Congress intended the statute to do away with the states' eleventh amendment shield. *See Atascadero, supra,* 473 U.S. at 246, 105 S.Ct. at 3149. Finally, the fact that § 1443 states that *"any ... civil actions ... commenced in a state court may be removed by the defendant,"* 28 U.S.C. § 1443(2) (emphasis added), does not change this analysis. *See id.* (holding that a statute which stated that it applied to *"any* recipient of Federal assistance," did not abrogate the states' eleventh amendment protections).

Marino maintains that *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), requires a different result. In *Hutto,* the Court held that the Civil Rights Attorney's Fees Awards Act of 1976 rendered the states and their officers subject to suit for such fees even though the statute's language did not state so explicitly. *Id.* at 693–700, 98 S.Ct. at 2574–79. Marino apparently argues that because the *Hutto* Court found that the statute in that case abrogated the states' eleventh amendment immunity without the statute having made that abrogation explicit in its text, we should not impose an explicitness requirement on the statute in this case. *See* Marino's Supplemental Brief at 22. We disagree.

First of all, the *Hutto* court severely limited its holding to cases involving ancillary claims for attorney's fees. *See Hutto,* 437 U.S. at 697 n. 27, 98 S.Ct. at 2577 n. 27. Moreover, to the extent that *Hutto* stands for the proposition that courts may look to legislative history to determine whether Congress intended a statute to abrogate the states' eleventh amendment immunity, we believe that *Hutto* has been implicitly overruled by *Dellmuth v. Muth,* 491 U.S.

---

1. The Supreme Court has long held that Congress enacted 28 U.S.C. § 1443(2) pursuant to its powers under § 5 of the fourteenth amendment. *See Strauder v. West Virginia,* 100 U.S. 303, 311, 25 L.Ed. 664 (1879).

2. Though a state may waive its eleventh amendment immunity and consent to suit in federal court, *see Atascadero,* 473 U.S. at 238, 105 S.Ct. at 3145, no party has argued that New York State has made such a waiver in this case.

223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989). In *Dellmuth*, the Court stated:

> Lest *Atascadero* be thought to contain any ambiguity, we reaffirm today that in this area of the law, evidence of Congressional intent must be both unequivocal and textual.... In particular, we reject the approach of the Court of Appeals, according to which, "[w]hile the text of the federal legislation must bear evidence of such an intention, the legislative history may still be used as a resource in determining whether Congress' intention to lift the bar has been made sufficiently manifest." 839 F.2d, at 128. Legislative history generally will be irrelevant to a judicial inquiry into whether Congress intended to abrogate the Eleventh Amendment. If Congress' intention is "unmistakably clear in the language of the statute," recourse to legislative history will be unnecessary; if Congress' intention is not unmistakably clear, recourse to legislative history will be futile, because by definition the rule of *Atascadero* will not be met.

*Dellmuth*, 491 U.S. at 230, 109 S.Ct. at 2401. We recognize that the Supreme Court, citing legislative history, has stated in dictum that by enacting the refusal clause of 28 U.S.C. § 1443(2) Congress intended removal to be available to state officers. *See Greenwood v. Peacock*, 384 U.S. 808, 824 n. 22, 86 S.Ct. 1800, 1810 n. 22, 16 L.Ed.2d 944 (1966). Nonetheless, because the refusal clause's text, as noted above, does not clearly and explicitly abrogate the states' eleventh amendment immunity, we are obligated under *Pennhurst*, *Atascadero*, and *Dellmuth* to hold that plaintiffs' suit against Marino may not be maintained in federal court. *Cf. Lac*

*Courte Oreilles Indians v. State of Wisconsin*, 749 F.Supp. 913, 915–22 (W.D.Wis. 1990) (holding that because 28 U.S.C. § 1362, the statute which gives federal courts jurisdiction over suits brought by Indian tribes, does not explicitly abrogate the states' Eleventh Amendment immunity from suit, the plaintiff Indian tribe could not maintain its action against Wisconsin in federal court).[3]

Marino argues, without citing any authority, that because he has "federal" defenses that implicate federal concerns, the reasoning and authority of *Pennhurst*, a case that did not involve any "federal" defenses to state law claims, does not control this action. We disagree.

Taken to its logical conclusion, Marino's reasoning would create a huge exception to the Supreme Court's eleventh amendment jurisprudence. In essence, Marino argues that anytime a state official has a "federal" defense to a state law claim, a federal court, if it has another basis for jurisdiction, such as pendent jurisdiction or § 1443(2), may entertain state law claims against state officers.[4] We do not believe that the case law sanctions such an exception. *See Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919 ("[N]either pendent jurisdiction or *any other basis of jurisdiction may override the eleventh amendment*." (emphasis added)). Thus, absent Congressional abrogation of the eleventh amendment and absent the states' waivers of their eleventh amendment protections, we hold that the presence of a federal defense is not a constitutional basis under which a federal court can exercise jurisdiction over state law claims against state officers.[5]

This result does not render the refusal clause a dead letter. Municipal officials,

3. Marino's argument that *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) stands for the proposition that a statute need not in its text make clear that it abrogates a state's eleventh amendment immunity in order to do away with that immunity, is meritless for the reasons discussed above. Moreover, as opposed to the instant case, the text of the Title VII statute in *Fitzpatrick* specifically and clearly stated that the states were subject to suit under Title VII. *See id.* at 448–49 & n. 2, 96 S.Ct. at 2667–68 & n. 2; *Quern v. Jordan*, 440 U.S. 332, 344 n. 16, 99 S.Ct. 1139, 1147 n. 16, 59 L.Ed.2d 358 (1979).

4. A federal court considering a case that involved a federal defense to a state law claim would need another basis for jurisdiction because generally, under the well-pleaded complaint rule, a defendant may not remove a case to federal court simply based on the fact that the defendant has a federal defense. *See, e.g., Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

5. Marino's argument that we can avoid eleventh amendment problems by simply ruling on Marino's federal defenses and then remanding this case to state court for a ruling on the state law claims against the state officers, is also patently

who are not protected by eleventh amendment immunity, *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977), and are entitled to use the refusal clause to remove cases to federal court, *see Bridgeport Education Association v. Zinner,* 415 F.Supp. 715, 719–21 (D.Conn.1976) (Newman, J.), may still utilize the refusal clause notwithstanding the *Pennhurst* doctrine.[6]

In sum, we hold that the eleventh amendment forbids us from retaining jurisdiction over plaintiffs' claims against Marino, and we therefore remand this case to the New York State Supreme Court, Bronx County.

## II. The Refusal Clause Cannot Be Used By Legislators Being Sued for their Legislative Acts

Even assuming, *arguendo,* that the eleventh amendment does not bar this court's jurisdiction over plaintiffs' case against Marino, we would still remand the matter to the New York State Supreme Court, Bronx County. We believe that the refusal clause contained in 28 U.S.C. § 1443(2) is not available to legislators who are sued under state law strictly and exclusively for their vote or decision on a discrete matter before a state legislative body.

When Congress in 1866 passed the direct statutory antecedent of what is today 28 U.S.C. § 1443, Congress was well aware that state legislators generally are immune to suits brought against them for their legislative activities. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 731–34, 100 S.Ct. 1967, 1974–76, 64 L.Ed.2d 641 (1980); *Tenney v. Brandhove,* 341 U.S. 367, 372–76, 71 S.Ct. 783, 786–88, 95 L.Ed. 1019 (1950). It is untenable to argue, as Marino does, that Congress intended that the statute could or should be used by legislators sued solely because of their refusals to cast votes in a certain way. Moreover, Marino has not pointed to one case which has held that the refusal clause allows legislators who are sued because of the way they cast their votes, to remove their cases to federal courts.[7] Indeed, Marino's counsel himself admitted at a May 21 hearing before this Court that "[he] would doubt that [C]ongress intended that an individual legislative vote was within the purview of [§ 1443(2)]." Tr. at 13.[8] For these reasons, we hold that a legislator's refusal to cast his or her vote a certain way cannot be considered "refusing to do any act" within the meaning of the refusal clause contained in 28 U.S.C. § 1443(2).

## CONCLUSION

The motion to remand this case to the New York State Supreme Court, Bronx County is granted.

SO ORDERED.

---

meritless. Were we to hear plaintiff's claims in this case, we would be exercising jurisdiction over a case which has, at its heart, state law claims against state officers. As noted above, this is exactly the sort of case the eleventh amendment prohibits federal courts from hearing.

6. In his brief, Marino seems to argue that this result is in conflict with the second circuit's refusal clause jurisprudence. *See* Marino's Supplemental Brief at 23. However, all of the second circuit cases cited by Marino that discuss the refusal clause in § 1443(2), except for one, were decided prior to the Supreme Court's 1984 decision in *Pennhurst* and its 1985 decision in *Atascadero.* The one cited second circuit case decided after *Pennhurst* and *Atascadero, Greenberg v. Veteran,* 889 F.2d 418 (2d Cir.1989), does not address the interplay of the refusal clause

and the eleventh amendment. Apparently, the parties in *Greenberg* never presented this issue to the second circuit. As the Supreme Court stated in *Pennhurst,* "when questions of jurisdiction have been passed on in prior decisions *sub silentio,* this Court [will not] consider[] itself bound when a subsequent case finally brings the jurisdictional issue before us." 465 U.S. at 119 (citations and internal quotation marks omitted)).

7. Marino's reliance on *Cavanagh v. Brock,* 577 F.Supp. 176 (E.D.N.C.1983) is unavailing as the parties being sued in that case were nonlegislative election officials who were required to "enforce" the legislature's districting plan. *Id.* at 178–79.

8. References to "Tr." are to the minutes of the May 21, 1992 hearing before this Court.