Commonwealth of PENNSYLVANIA

v.

Willie BROWN–BEY, Appellant.

No. 15–2634.

United States Court of Appeals, Third Circuit.

Opinion Filed Jan. 19, 2016.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and

I.O.P. 10.6 and for a Certificate of Appealability

Pursuant to 28 U.S.C. § 2253 Dec. 17, 2015.

Opinion filed: Jan. 19, 2016.

Susan E. Affronti, Esq., Philadelphia County Office of District Attorney Philadelphia, PA, for Commonwealth of Pennsylvania.

Willie Brown–Bey, Philadelphia, PA, pro se.

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, Circuit Judges.

## OPINION *

PER CURIAM.

Willie Brown–Bey appeals from an order of the District Court summarily remanding his state criminal case to the Philadelphia County Court of Common Pleas. For the reasons that follow, we will summarily affirm.

Brown–Bey was arrested by the Philadelphia police on or about May 2, 2012, and charged with various firearms offenses and receiving stolen property, *see Commonwealth of Pennsylvania v. Brown–Bey,* No. CP–51–CR–0007330–2012. After his pretrial motion to suppress the evidence was denied, Brown–Bey filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, *see Brown–Bey v. CCP of Philadelphia County,* D.C.Civ. No. 14–cv–06321. He claimed that his continued detention violated his constitutional rights to a speedy trial and to be free from an unreasonable search and seizure, in pertinent part. The Magistrate Judge recommended dismissing the petition for failure to exhaust state remedies, *see Moore v. DeYoung,* 515 F.2d 437 (3d Cir.1975), concluding that Brown–Bey did not establish the required extraordinary circumstances for relief because any delay associated with his trial was due to his own actions. The District Court agreed and dismissed Brown–Bey's habeas corpus petition. On August 26, 2015, we denied him a certificate of appealability, stating that his case presented "no extraordinary circumstances warranting pretrial interference by a federal court in the normal functioning of state criminal processes," *see* C.A. No. 15–2179.[1]

Meanwhile, on January 6, 2015, Brown–Bey removed his criminal case to federal court pursuant to 28 U.S.C. § 1455 and § 1443, again challenging his state prosecution on federal constitutional grounds, particularly his right to be free from an unreasonable search and seizure. In an

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. The publicly available docket for Brown–Bey's criminal case, No. CP–51–CR–0007330– 2012, now shows that his trial is for February 22, 2016, and that he was granted bail on October 22, 2015, and is subject to house arrest and electronic monitoring.

order entered on June 4, 2015, the District Court summarily remanded the case to state court, *see* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").[2]

■ Brown–Bey appeals. "An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the case was removed pursuant to either § 1442 or § 1443. 28 U.S.C. § 1447(d). Thus, to the extent that Brown–Bey challenges the District Court's remand order with respect to any bases for removal other than § 1442 or § 1443, we will dismiss the appeal for lack of jurisdiction. *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir.1997). We have jurisdiction to review the remand order to the extent that Brown–Bey asserted that removal was proper under § 1443, which authorizes removal in circumstances where a person is being denied his civil rights and cannot enforce those rights in the state courts. *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780, 788, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). We exercise plenary review here. *See Lazorko v. Pennsylvania Hospital*, 237 F.3d 242, 247 (2000).

Our Clerk advised Brown–Bey that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6, and that the Court also would consider whether a certificate of appealability was required to proceed.[3] The parties were invited to submit argument in writing and neither has done so.

■ We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly remanded Brown–Bey's criminal prosecution to state court. As explained by the District Court, the removal permitted by 28 U.S.C. § 1443 is narrow. Under subparagraph (1), removal is permitted only by a defendant "who is denied or cannot enforce" in the state courts "a right under any law providing for the equal civil rights" of such persons. 28 U.S.C. § 1443(1). Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court. *Rachel*, 384 U.S. at 792, 86 S.Ct. 1783; *Davis*, 107 F.3d at 1047. Thus, a defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality, and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection. The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1). *City of Greenwood v. Peacock*, 384 U.S. 808, 829–30, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Here, removal under § 1443(1) would not be proper because Brown–Bey did not identify any provision of Pennsylvania statutory or constitutional law that would preclude the protection of his equal rights

---

**2.** The current version of § 1455, which went into effect on December 7, 2011, governs the procedures for removal of criminal prosecutions.

**3.** A certificate of appealability is not required here, *see* 28 U.S.C. § 2254(c)(1)(A).

guaranteed by the United States Constitution, and he did not demonstrate that the Pennsylvania courts would not afford him the full protections of the law. The case also is not removable under § 1443(2). Subparagraph (2) applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," *Peacock,* 384 U.S. at 824, 86 S.Ct. 1800; and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws, *see Greenberg v. Veteran,* 889 F.2d 418, 421 (2d Cir.1989) ("The purpose of the 'refusal clause' is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval."). Brown–Bey is neither a federal nor state officer.

For the foregoing reasons, we will summarily affirm the order of the District Court summarily remanding Brown–Bey's criminal case to state court.