**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3814

_____

STATE OF DELAWARE

v.

CHRISTOPHER R. DESMOND,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-01283)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2020

Before: SHWARTZ, RESTREPO, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: February 7, 2020)

$$\overline{\phantom{OPINION}}$$

O P I N I O N *

$$\overline{\phantom{OPINION}}$$

**PER CURIAM**

Pro se appellant Christopher Desmond appeals from the District Court's order summarily remanding his case to state court. For the reasons that follow, we will affirm.

Desmond filed a notice of removal with the United States District Court for the District of Delaware seeking removal of one or more criminal actions from Delaware state court. After reviewing Desmond's removal petition, the District Court determined that it appeared Desmond was attempting to remove his case pursuant to 28 U.S.C. § 1443 and the removal procedures set forth in 28 U.S.C. § 1455. The District Court then held that the allegations in Desmond's notice were insufficient to support removal under § 1443, denied the petition, and summarily remanded the case to the state court from which it was removed. See 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). Desmond timely appealed.

This Court may review a remand order in a case which was removed pursuant to 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d). We exercise plenary review here. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000). As explained by the District

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Court, the removal permitted by 28 U.S.C. § 1443 is narrow. Section 1443(1) authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. For this provision to apply, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." Id. (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." Id. at 1050. (internal citations and quotations omitted).

The District Court correctly determined that Desmond did not allege in his petition that the state court litigation involves issues of racial inequality, and he offers no argument on appeal to dispute that determination. Thus, there does not appear to have been a valid basis for the removal, particularly at the post-conviction stage. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" for removal of a criminal prosecution). Desmond likewise failed to allege anything that might permit

3

removal under § 1443(2). Subparagraph (2) applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966), and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws. See Greenberg v. Veteran, 889 F.2d 418, 421 (2d Cir. 1989) ("The purpose of 'refusal clause' is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval."). Desmond is neither a federal nor state officer.

We further agree with the District Court's conclusion that Desmond's reliance on Adams v. Governor of Delaware, 922 F.3d 166 (3d Cir. 2019), cert. granted, 2019 WL 6647103 (U.S. Dec. 6, 2019) (No. 19-309), is misplaced. In Adams, this Court held that sections of the Delaware Constitution that required the number of judges to be balanced between the two major political parties violated the First Amendment right to freedom of association. See id. at 184–85. Desmond appears to argue that this means he has been convicted in a proceeding presided over by a judge who had been unconstitutionally appointed. However, there is no language in Adams that implies that the judges previously appointed under Delaware's political balance requirement are unqualified to serve as judicial officers, nor did the Court give any indication that its decision was intended to support an argument that all prior Delaware convictions be vacated. Cf. Adams, 922 F.3d at 186 (McKee, J., concurring) ("Praise for the Delaware judiciary is nearly universal, and it is well deserved."). As such, Desmond's Adams argument does not provide a valid basis for removal under § 1443.

Accordingly, the District Court correctly determined that removal under § 1443 would not be proper and appropriately remanded Desmond's case to the state court.  See 28 U.S.C. § 1455(b)(4).[1]  We will thus affirm the judgment of the District Court.

---

[1] Moreover, we agree with the District Court's observation that the removal petition was not timely filed.  See id. at § 1455(b)(1).