**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3108
_____

ANTHONY J. TESTA,
Appellant

v.

THE DEPARTMENT OF JUSTICE; THE FEDERAL BUREAU OF INVESTIGATION;
THE ATTORNEY GENERAL OF THE U.S; DOE DEPARTMENTS OR AGENCIES
OF THE U.S.; THE UNITED STATES; THE N.J. STATE ATTORNEY GENERAL;
THE MUNICIPAL PROSECUTOR OF SEASIDE HEIGHTS, N.J.;
THE MAYOR OF SEASIDE HEIGHTS, N.J.; THE BOROUGH OF SEASIDE
HEIGHTS, N.J.; THE MUNICIPAL COURT OF SEASIDE HEIGHTS, N.J.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:20-cv-13187)
Chief District Judge: Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 6, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: September 12, 2022)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Anthony Testa appeals the District Court's dismissal with prejudice of his action to remove state municipal court proceedings to federal district court and to obtain injunctive and declaratory relief. We will affirm the District Court's judgment.

Testa was cited by officials of Seaside Heights, New Jersey, for parking on a sidewalk in violation of N.J. Stat. Ann. § 39:4-138 and for obstructing the administration of law or other governmental function in violation of N.J. Stat. Ann. § 2C:29-1. Testa filed a "Complaint" in the U.S. District Court for the District of New Jersey in September 2020, in which he asked for the District Court to order that the adjudication of the summons-complaints be removed from Seaside Heights Municipal Court to federal court. He also sought, among other things, injunctive relief to prohibit the municipal court from imposing jail time if he were found guilty of the offenses. See Complaint at 114.

In October 2020, the District Court determined that Testa had failed to comply with the procedural and substantive requirements for removal and dismissed the Complaint on that basis. See D. Ct. Letter Order at 3. The Court also noted that, to the extent the Complaint could be construed as an independent action for injunctive relief, Testa did not present any extraordinary basis that could provide an exception to the rule that federal courts abstain from enjoining state criminal proceedings. See id. at 4 n.4 (citing Younger v. Harris, 401 U.S. 37, 41 (1971)). Testa filed this timely appeal.

To the extent that the District Court's order was tantamount to an order remanding (although the matters were never actually removed from municipal court), we have

2

jurisdiction to review it because Testa sought removal under 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d); BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021). To the extent that the District Court alternatively dismissed the Complaint based on the Younger abstention doctrine insofar as Testa sought to enjoin state criminal proceedings, we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a determination that abstention under Younger is proper. See PDX N., Inc. v. Comm'r N.J. Dep't of Lab. and Workforce Dev., 978 F.3d 871, 881 n.11 (3d Cir. 2020). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As the District Court explained, Testa satisfied neither the procedural nor the substantive requirements of removal to federal court. The provisions of 28 U.S.C. § 1455 require a short and plain statement of grounds for removal and a certification under Federal Rule of Civil Procedure 11. Testa provided neither. He did not certify his representations under Rule 11. Moreover, his attempted explanation for removal—the 120-page Complaint—did not suffice as a short and plain statement required under § 1455. Cf. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (noting the federal pleading rules emphasize clarity and brevity); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (explaining dismissal is proper where complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Even construed generously, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Testa's action falls far short of what is procedurally required by § 1455.

3

Further, Testa's removal request was flawed because it was not based on grounds authorized by § 1443.[1] An individual seeking removal of a state criminal case to federal court must satisfy a two-part test: he must allege a denial of his rights on account of race, and that he cannot enforce his federal rights in state court. See Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975). Removal under § 1443(1) is not warranted when it is based, as it is in Testa's case, "solely on petitioner's allegations that . . . there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." Id. at 222. Testa likewise failed to allege any ground that would permit removal under subparagraph (2). See Greenberg v. Veteran, 889 F.2d 418, 421 (2d Cir. 1989) ("The purpose of the 'refusal clause' is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval."); City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966) (explaining that § 1443(2) applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"). Testa is not a state or federal officer. The District Court properly rejected Testa's attempted removal of his municipal court matters here.

---

[1] Section 1443 provides: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States …: (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States…; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

On appeal, Testa also argues that the District Court improperly applied the Younger doctrine in its alternative holding, but he provides no valid reasons supporting that assertion. See Appellant's Opening Br. at 82. We agree with the District Court that, to the extent Testa sought to enjoin proceedings in the municipal court, abstention under the Younger doctrine is appropriate. "Younger exemplifies one class of cases in which federal-court abstention is *required*: When there is a parallel, pending state criminal proceeding, federal courts *must* refrain from enjoining the state prosecution." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (emphasis added). In this case, the proceedings against Testa for the motor vehicle infraction and the obstructing the administration of law offense were ongoing in the Seaside Heights Municipal Court at the time that he filed his action. See Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 461 (3d Cir. 2019) (noting that the Younger abstention doctrine requires federal courts to avoid deciding cases "that would interfere with certain ongoing state proceedings"); PDX N., Inc., 978 F.3d at 885 (explaining that state proceedings are ongoing if they were "pending at the time the plaintiff filed its initial complaint in federal court") (cleaned up). As the District Court acknowledged, no circumstances establishing "an extraordinarily pressing need for immediate federal equitable relief" are present here. Kugler v, Helfant, 421 U.S. 117, 125, 126 n.6 (1975) (noting that an "extraordinary" exception for bad faith would require a prosecution brought "without a reasonable expectation of obtaining a valid conviction"). In light of the ongoing criminal proceedings, the federal court was

5

obliged to abstain from Testa's injunction request.  See Sprint Commc'ns, 571 U.S. at 72.

The District Court's alternative ruling was proper.

For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] We deny in part and grant in part Testa's motion to seal the Supplemental Briefs, the enclosures thereto, and the appendix.  To prevail, Testa had to show that "the interest in secrecy outweigh[ed] the presumption" under common law that "the public has a right of access to judicial [records]."  In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019).  Testa needed to establish "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  Id. (quotation marks omitted).  Testa failed to make this showing for all but electronic page 7 of Testa's Second Supplemental Brief (3d Cir. Dkt. No. 9) and Enclosure 2 to that brief, at electronic pages 11-13, which contain Testa's personal and sensitive health information.  The motion is granted as to those pages, and they will remain sealed for 25 years.  The motion is otherwise denied.